IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Robert Harvie Payne, ) | Civil Action No. 6:12-1929-DCN-KFM |
| Plaintiff, ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| CCOH, Chas. Co., Dr. Barry Loweissglass, ) | |
| Defendants. ) | |

      This matter is before the court on the motion to dismiss for failure to state a claim by defendant Charleston County (doc. 25) and the motions for summary judgment of defendants Carolina Center for Occupational Health ("CCOH") (doc. 42) and Dr. Barry L. Weissglass[1] (doc. 41). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

      Defendant Charleston County filed a motion to dismiss for failure to state a claim on August 24, 2012. On August 27, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion to dismiss procedure and the possible consequences if he failed to respond adequately. The plaintiff filed his response on October 4, 2012. Defendants Dr. Barry Weissglass and CCOH filed motions for summary judgment on October 8, 2012. On October 9, 2012, another *Roseboro* order was issued advising the plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately. The plaintiff filed his response to the motions on November 26, 2012.

---

[1]The caption of the instant case inaccurately identifies this defendant as "Dr. Barry Loweissglass."

**MOTION TO DISMISS**

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a court is charged with liberally construing a complaint filed by a pro se litigant to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean the court can ignore a clear failure to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted. Federal Rule of Civil Procedure 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a Rule 12(b)(6) motion to dismiss, the facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.' " *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Accordingly, a complaint does not require detailed facts; however, a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The plaintiff is currently confined in the Sheriff Al Cannon Detention Center following his May 29, 2011, arrest for discharging a firearm, disorderly conduct, public intoxication, and indecent exposure. In his complaint, the plaintiff alleges "deliberate indifference to serious dental needs." Specifically, he alleges that he has had a chronic gum infection and decay of his teeth causing him pain. He claims the defendants provided dental care, which "consisted of pulling teeth which could be saved with proper dental care." He further alleges that the defendants refused to allow his friends to mail him "dental floss pics" or to allow him to purchase such from the canteen. The plaintiff also contends that the defendants refused to allow him to be treated by his "private, outside dentist" or to refer him to the Medical University of South Carolina ("MUSC") dental clinic (comp. 3-4).

Defendant Charleston County argues in its motion to dismiss that the Sheriff is the custodian of the detention center and not the County, and thus it should be dismissed from the case. This court agrees. The plaintiff's claims arise solely from his detention at the Sheriff Al Cannon Detention Center. Pursuant to South Carolina Code § 24-5-10, the Sheriff is the custodian of the detention center and not the County. Furthermore, the United States District Court has stated that "the sheriff and the county are distinct and separate entities in South Carolina and the sheriff's actions or failures to act do not give rise to a section 1983 action against the county." *Patel v. McIntyre*, 667 F.Supp. 1131, 1146 n.26 (D.S.C. 1987) (citing *Allen v. Fidelity & Deposit Co. of Maryland*, 515 F.Supp. 1185, 1189–90 (D.S.C.1981)). In *Grayson v. Peed*, 195 F.3d 692 (4th Cir. 1999), the Fourth Circuit Court of Appeals determined that, where the Sheriff is charged with running the jail, neither the County nor the County Council had any control over the administration of the jail and, therefore, could not be liable under Section 1983 for alleged incidents that occurred at the jail. The court specifically held that "[a]s the county has no control over policy within the jail, it bears no concomitant responsibility." *Grayson*, 195 F.3d at 697–98 (citing *Monell v. Dept.*

*of Social Servs.,* 436 U.S. 658, 694 (1978)).  Accordingly, any claim against Charleston County regarding the plaintiff's confinement or medical treatment while confined fails.

Further, the plaintiff has not pled that any practice, policy, or custom of Charleston County created a constitutional violation in this case.  "In order to maintain a 42 U.S.C. § 1983 municipal liability claim, a plaintiff must affirmatively establish that the alleged constitutional violation was directly caused by an official practice, policy or custom of the municipality." *Allen v. Aiken County*, C.A. No. 4:08-2474-PMD, 2009 WL 1065406, at *3 (D.S.C. 2009) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 694, (1978)).  Because the plaintiff has failed to make the required showing, the County should be dismissed on this basis as well.

Based upon the foregoing, Charleston County's motion to dismiss (doc. 25) should be granted.

## MOTIONS FOR SUMMARY JUDGMENT

Dr. Weissglass serves as the President and Medical Director of CCOH, a South Carolina corporation providing medical services to businesses, individuals, and correctional facilities in this state.  CCOH provides health care services to inmates housed at the detention center, including the plaintiff.  CCOH does provide access to dental care for inmates; however, it does not employ a dentist.  Rather, all inmates who are in need of dental care are treated and evaluated by an independent contractor who operates a dental clinic at the jail.  While Dr. Weissglass is a licensed South Carolina physician, board certified in both Occupational and Preventative Medicine, who does treat inmates at the detention center as a physician, he is not a licensed dentist and has never performed any professional services related to dental care at the detention center.  Furthermore, Dr. Weissglass attests in his affidavit that he has never treated or evaluated the plaintiff's alleged gum infection and/or tooth decay nor has he ever evaluated the plaintiff's dental

4

health whatsoever as it pertains to the allegations in this lawsuit (doc. 41-1, ex. A, Weissglass aff. ¶¶ 1-7).

Dr. Weissglass attests in his affidavit that any decision or recommendation for the plaintiff's dental care and needs at issue in this lawsuit would be made by a licensed dentist and not himself.  Based on Dr. Weissglass' review of the plaintiff's medical records, he states in his affidavit that the plaintiff has been evaluated by a dentist on at least six different occasions between November 2011 and June 2012.  On May 31, 2012, the plaintiff refused dental treatment and evaluation and signed a form expressly releasing CCOH, its medical staff, and all treating physicians from liability as it relates to "pain, swelling, infection, tooth loss" that he might suffer from in refusing dental care (doc. 41-1, Weissglass aff. ¶¶ 7-10).

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not

rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

The standard for reviewing medical claims of pretrial detainees under the Fourteenth Amendment is essentially the same as that for a convicted prisoner under the Eighth Amendment—deliberate indifference to serious medical needs. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir.1992). Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble,* 429 U.S. 97,102 (1976). This obligation arises from an inmate's complete dependency upon prison medical staff to provide essential medical services. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104. As such, "an inadvertent failure to provide adequate medical care" will not comprise an Eighth Amendment breach. *Id.* at 105-106.

In order to state a claim, "[a] plaintiff must satisfy two elements . . . : he must show a serious medical need and he must prove the defendant's purposeful indifference thereto." *Sires v. Berman*, 834 F.2d 9, 12 (1st Cir. 1987). With regard to the objective component, a medical need is "serious" if "it is diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 208 (1st Cir. 1990). "Plaintiffs must also show the subjective component-deliberate indifference. An officer is deliberately indifferent only when he 'knows of and disregards' the risk posed by the serious medical needs of the inmate." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Mere negligence or malpractice does not violate the Eighth Amendment. *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999)*.* Moreover, disagreements between an inmate and a physician over the inmate's proper medical care do not state a Section 1983 claim unless exceptional circumstances are alleged. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment.").

As a South Carolina private business (*see* doc. 42-2), CCOH is clearly an inanimate object incapable of qualifying as "person" who may be held liable under § 1983. In *Vinson v. Cannon*, the court recently noted the following, specifically in regards to CCOH:

> Moreover, as to Defendant Carolina Center for Occupational Health, a claim for relief under 42 U.S.C. § 1983, must sufficiently allege that the plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." . . . It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For

7

> example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. . . . Carolina Center for Occupational Health, a South Carolina corporation located in North Charleston, South Carolina whose medical staff provides health care services to businesses, institutions, and individuals is not a "person" subject to suit under 42 U.S.C. § 1983 in this case.

*Vinson v. Cannon*, C.A. No. 2:10-3214-HFF-BHH, 2011 WL 1624962, at *6 (D.S.C. March 28, 2011), *report and recommendation adopted by* 2011 WL 1627953 (D.S.C. April 28, 2011).

Moreover, the doctrine of *respondeat superior* generally is inapplicable to Section 1983 suits. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977). Thus, in order to prevail on this constitutional tort, the plaintiff must demonstrate sufficient facts that show a particular defendant engaged in "personal wrongdoing or supervisory actions that violated constitutional norms." *See Patterson v. Byer*, 8:11-cv-2834-RMG-JDA, 2012 WL 3030439, at *7 (D.S.C. June 15th, 2012) (citing *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). The plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and, (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw*, 13 F.3d at 799.

As argued by the defendants, the evidence before the court is that CCOH and its employees, including Dr. Weissglass, do not personally perform the dental care provided to inmates, such as the plaintiff, at the detention center. Rather, these acts are performed by an independent contractor. There is no evidence that Dr. Weissglass was involved in

any type of role, supervisory or otherwise, for the dental care of the plaintiff. Even assuming arguendo that Dr. Weissglass was supervising or authorizing the dental care provided to the plaintiff, none of the three elements for such liability have been pled nor do they exist. Indeed, Dr. Weissglass' affidavit clearly establishes his unfamiliarity with the plaintiff's alleged dental condition in all respects and sets forth his lack of responsibility for any such clinical decisions.

Accordingly, the motions for summary judgment (docs. 41, 42) of defendants Dr. Barry L. Weissglass and CCOH should be granted.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the defendants' motions (docs. 25, 41, 42) should be granted. Should the district court adopt this recommendation, any pending nondispositive motions will be rendered moot. The Clerk of Court is directed to correct the caption to identify defendant Dr. Barry Loweissglass as Dr. Barry L. Weissglass.

IT IS SO RECOMMENDED.

November 28, 2012                                             s/ Kevin F. McDonald
Greenville, South Carolina                                    United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).